IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Christopher Longshore, Jr., <br><br>      Plaintiff,<br>  v.<br><br>Greenwood County Detention Center, Lt. Smith,<br><br>      Defendants. | Case No. 5:24-cv-05073-RMG<br><br>**ORDER & OPINION** |

Before the Court is the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 44) recommending that Defendants' motion for summary judgment be granted (Dkt. No. 33). Plaintiff did not file any objections to the R & R. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and grants Defendants' motion.

**I.  Background**

Plaintiff Christopher Longshore, Jr., acting pro se, brought this action under 42 U.S.C. § 1983 as a pretrial detainee at Greenwood County Detention Center (GCDC) alleging Defendants violated his Eighth and Fourteenth Amendment rights. In his complaint, Plaintiff alleges that while he was detained at GCDC he was assaulted in his cell by six inmates. (Dkt. No. 1 at 5-6). Plaintiff alleges that Defendant Smith did not secure the door to his cell while distributing breakfast and as a result other inmates were able to enter his cell and assault him. Plaintiff further alleges that he received a pinched nerve and back pain as a result of the assault and was improperly treated for both. (*Id.* at 6, 10).

On April 25, 2025, Defendants filed a motion for summary judgment. (Dkt. No. 33). On June 4, 2025, Plaintiff responded in opposition to Defendants' motion for summary judgment.

1

(Dkt. No. 37). On June 11, 2025, Defendants filed a reply. (Dkt. No. 40). On December 10, 2025, the Magistrate Judge issued a Report and Recommendation. (Dkt. No. 44). Plaintiff did not file any objections. The matter is now ripe for review.

## II.    Legal Standard

### A.  Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B.  Motion for Summary Judgment

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact" and is therefore entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props*., 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of

the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id*. at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co*., 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc*., 190 F.3d 285, 287 (4th Cir. 1999)).

### III. Discussion

After a thorough review of the R & R, the applicable law, and the record of this case the Court adopts the R & R in its entirety and hereby incorporates the R & R by reference. The Defendants are entitled to summary judgment. Liberally construed, Plaintiff brings two claims, a failure-to-protect claim and a claim that Defendants were deliberately indifferent to his medical needs. Plaintiff has not pled either claim sufficiently to survive summary judgment.

The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citation omitted). Prison officials have a duty to maintain "reasonable measures to guarantee the safety of the inmates." *Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016). Protecting prisoners from violence imposed by another inmate falls under this duty. *Id*.

The standard for deliberate indifference to serious medical needs is explained by the Fourth Circuit:

> The Eighth Amendment prohibits the infliction of 'cruel and unusual punishments' on those convicted of crimes. [T]o make out a prima facie case that prison conditions violate the Eighth

> Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials. The first prong is objective and requires that the deprivation be "sufficiently serious"; the second requires us to determine whether subjectively "the officials act[ed] with a sufficiently culpable state of mind."

*King v. Rubenstein*, 825 F.3d 206, 217-18 (4th Cir. 2016) (internal quotations and citations omitted). "Deliberate indifference is a high standard ... officials evince deliberate indifference to a serious medical need by completely failing to consider an inmate's complaints or by acting intentionally to delay or deny the prisoner access to adequate medical care." *Bridges v. Keller*, 519 F. App'x 786, 787 (4th Cir. 2013). Mere disagreement "regarding the proper course of treatment provides no basis for relief." *Id*.

### A. Defendant Smith

As correctly held by the Magistrate Judge, Plaintiff has not sufficiently pled a claim for deliberate indifference against Defendant Smith. In *Short v. Hartman*, the Fourth Circuit held that a pretrial detainee's deliberate indifference claim under the Fourteenth Amendment must allege that:

> (1) he had a medical condition or injury that posed a substantial risk of serious harm;
>
> (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed;
>
> (3) the defendant knew or should have known (a) that the detainee had the condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and
>
> (4) as a result, the detainee was harmed.

87 F.4th 593, 611 (4th Cir. 2023). Here, Plaintiff does not allege that Defendant Smith had any involvement in the asserted denial of medical care following the alleged assault. Rather, Plaintiff

alleges that "they" ignored his grievances. (Dkt. No. 1). Furthermore, Plaintiff has not provided any evidence that he was denied medical treatment. The records provided to the court show he received treatment a week after the incident allegedly occurred, was consistently assessed by medical personnel, and was provided medication. (Dkt. No. 33-3 at 9, 10, 13).

Accordingly, the Court grants Defendants' motion for summary judgment for deliberate indifference to medical needs claims made against Defendant Smith.

Likewise, as correctly held by the Magistrate Judge, Plaintiff has not sufficiently pled a claim for failure to protect against Defendant Smith. The Fourth Circuit has held that a pretrial detainee's failure to protect claim is evaluated under an entirely objective standard. *Hammock v. Andoh*, No. 22-7159, 2024 WL 33694, at *1 (4th Cir. Jan. 3, 2024). A pretrial detainee must establish that a defendant exposed him to "an objective substantial risk of serious harm...that a reasonable official in [Defendant's] position would have appreciated." *Carmona v. Martin*, No. 23-6930, 2024 WL 4490695, at *2 (4th Cir. Oct. 15, 2024) (cleaned up).

Plaintiff has not shown that Defendant Smith knew or should have known of a perceived serious risk of harm to Plaintiff. In his complaint, Plaintiff alleges that while delivering breakfast to his unit, Defendant Smith left several doors open allowing other inmates to enter Plaintiff's cell and assault him. Plaintiff does not provide any information that would suggest that Defendant Smith was anything more than negligent in not securing Plaintiff's cell door. Plaintiff does not allege that Defendant Smith intentionally left the door open, that he knew an assault could occur, that an assault had previously occurred, or that he was aware that the inmates who attacked Plaintiff posed a threat. As the Magistrate Judge correctly concluded, Plaintiff has failed to establish that Defendant Smith made an intentional decision to keep Plaintiff's door unlocked, that Defendant

5

Smith was aware of a risk of harm to Plaintiff from other inmates, or that Defendant Smith failed to take measures to abate that risk.

Accordingly, the Court grants Defendants' motion for summary judgment for failure to protect claims made against Defendant Smith.

### B. Defendant GCDC

The Magistrate Judge correctly held that Plaintiff's claims against Defendant GCDC fail as a matter of law. A municipality cannot be held liable under 42 U.S.C. § 1983 "for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Local governments can be sued under 42 U.S.C. § 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id*. at 690. *Monell* claims can arise (1) through an express policy; (2) through the decisions of final policymakers; (3) through an omission, such as failure to properly train officers, that manifests deliberate indifferent to the rights of citizens; or (4) through persistent and widespread practices equating to the force of law. *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003).

To prevail under a *Monell* claim, a plaintiff must point to a "persistent and widespread practice…of municipal officials," the "duration and frequency" of which indicate that policymakers (1) had constructive knowledge of the conduct, and (2) failed to correct it due to their deliberate indifference." *Owens v. Baltimore City State's Attorney's Office*, 767 F.3d 379, 402 (4th Cir. 2014) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1386-91 (4th Cir. 1987)). Knowledge and indifference can be inferred from the extent of employees' misconduct. *Id*. at 1391. Sporadic or isolated violations of rights will not give rise to *Monell* liability; only "widespread or flagrant" violations will. *Id*. "Although prevailing on the merits of a *Monell* claim is difficult, simply

6

alleging such a claim is by definition easier." *Owens*, 767 F. 3d at 403 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As the Magistrate Judge correctly held, Plaintiff cannot meet the requirements for establishing municipal liability. Plaintiff does not allege any policy or custom on the part of Defendant GCDC that would support a finding of a constitutional violation under *Monell*. Plaintiff alleges a single instance of conduct on the part of one officer that he alleges resulted in an assault. He does not present any evidence that Defendant GCDC had a policy or knowledge of a deficient policy that led to his assault.

Accordingly, the Court grants Defendants' motion for summary judgment for claims made against Defendant GCDC.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as the Order of the Court. (Dkt. No. 44). Defendants' Motion For Summary Judgment is **GRANTED** (Dkt. No. 33).

**AND IT IS SO ORDERED.**

                                                                      s/ Richard Mark Gergel
                                                                      Richard Mark Gergel
                                                                      United States District Judge

January 8, 2026
Charleston, South Carolina